UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Bankhead,<br><br>               Plaintiff,<br><br>vs.<br><br>Monique McNeil, et al.,<br><br>               Defendants. | Case No. 2:25-cv-00144-GMN-MDC<br><br>**ORDER DENYING IFP APPLICATION WITHOUT PREJUDICE (ECF NO. 2)** |

Incarcerated pro se plaintiff Steven Bankhead filed an *Application to Proceed In Forma Pauperis* ("IFP") (*ECF No. 2*) and a complaint (*ECF No. 2-1*). The Court DENIES plaintiffs IFP application WITHOUT PREJUDICE.

### DISCUSSION

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff is currently incarcerated. Plaintiff filed an IFP Application and a financial certificate. *ECF No. 2*. However, the financial certificate has not been signed by an authorized officer. *ECF No. 2 at 4*. Plaintiff has also not filed a certified trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his complaint. The Court cannot determine plaintiff's filing fee at this time. The Court denies plaintiff's IFP application.

ACCORDINGLY,

IT IS SO ORDERED that:

1. Plaintiff's IFP application (*ECF No. 1*) is DENIED without prejudice.
2. Plaintiff has until **March 26, 2025**, to either (1) file a new IFP application that includes a financial certificate signed by an authorized officer and his six-month trust account statement or (2) plaintiff must pay the full fee for filing a civil action.
3. Failure to comply with this order may result in dismissal of this case.

IT IS SO ORDERED.

DATE: February 24, 2025.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.